ROBERT JOHNSTON AND FRANCIS SCANLON, RELATORS,
v. FRANK HAGUE, JOHN SAUL, A. HARRY MOORE,
MICHAEL I. FAGEN AND WILLIAM B. QUINN, BOARD
OF COMMISSIONERS OF THE CITY OF JERSEY CITY,
RESPONDENTS.

Submitted December 3, 1923—Decided February 19, 1924.

**Zoning Ordinance—Location of Garage for More Than Five Cars Within 150 Feet of Church—Ordinance Opposing Such Location Legally Unobjectionable.**

On demurrer to an alternative writ of *mandamus*.

Before Justices TRENCHARD and CAMPBELL.

For the relator, *Gross & Gross*.

For the respondents, *Thomas J. Brogan*.

PER CURIAM.

This case comes up on demurrer to an alternative writ of *mandamus*.

The relators seek to build a garage, as set forth in the writ, which is a continuation of a garage business in which they have been engaged for the past five years. While it is not expressly stated that the garage intended to be constructed is for the use of more than five cars, the relators' recital of their continuing a garage business and the purchase of the premises in question for the purpose of building a garage thereon for business purposes, when considered in relation to the size of the plot, lead this court to infer that the proposed garage will be used for the accommodation of more than five cars.

The ordinance in question upon which respondents rely for the refusal to grant the permit is predicated upon the legislative authority contained in chapter 229 of the laws of 1920 (at *p.* 436).

Such ordinance by paragraph 8 of section 3 provides that no building shall be erected in the business district in question, intended or designed for a garage for more than five automobiles, "if any part of the lot or plot in question is situated within a distance of one hundred and fifty (150) feet, as measured along the public street of, or in any case within any portion of a street between the intersecting streets in which portion there exists * * * (d) a church."

Such ordinance provision is legally unobjectionable. *Schait* v. *Senior,* 97 *N. J. L.* 390.

The relators admittedly desire to construct a public garage "for business purposes" in the zone thus affected, and it is not denied that the plot in question is situated between Arlington avenue and Bramhall avenue, fronting on Grand street, and between which intersecting streets there exists a church. Indeed, such is expressly stipulated to be the situation.

In the face of that stipulation it seems clear that the city authorities cannot be compelled to issue the permit in question. Indeed they were quite justified in refusing it.

The result is that the demurrer will be sustained and judgment given for the respondents, with costs.